UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 7

Danetta L. Maddox,  Case No. 15-48172

    Debtor.  Hon. Phillip J. Shefferly
_____/

Credit Union One,  Adversary Proceeding
  No. 15-4786-PJS
    Plaintiff,

v.

Danetta L. Maddox,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
TO REOPEN ADVERSARY PROCEEDING**

Credit Union One ("Credit Union") is the plaintiff in this adversary proceeding. On September 21, 2015, the Court dismissed the adversary proceeding. This order addresses the Credit Union's motion to reopen the adversary proceeding.

Here are the background facts. On May 26, 2015, Danetta L. Maddox ("Debtor") filed this Chapter 7 case. On her schedule F, the Debtor listed an unsecured debt owing to the Credit Union in the amount of $1,709.59 and listed the address for the holder of this debt as the law firm of Aidenbaum Schloff & Bloom ("Law Firm"). The Law Firm then represented the Credit Union in seeking two forms of relief against the Debtor. First, on August 6, 2015, the Law Firm filed a motion in the Debtor's bankruptcy case for a Fed. R. Bankr. P. 2004 examination. Second, on

August 11, 2015, the Law Firm filed a complaint seeking a determination that the Credit Union's debt is nondischargeable under § 523(a) of the Bankruptcy Code. Both forms of relief were opposed by the Debtor.

After the Debtor filed a response to the Credit Union's motion for Rule 2004 examination, the Court issued a notice on August 21, 2015, setting a hearing on the motion for September 11, 2015. The Debtor's attorney appeared at the hearing. When the Court first called the case, there was no attorney for the Credit Union in the courtroom. The Court passed the case, and then recalled it. There was still no attorney for the Credit Union in the courtroom. The Court then heard the motion and concluded, for reasons explained on the record, that the motion lacked merit. The Court denied the motion.

After the Debtor filed an answer to the complaint in the adversary proceeding, on August 26, 2015, the Court issued a notice of initial scheduling conference for September 21, 2015. Again, the attorney for the Debtor appeared at the conference, but the attorney for the Credit Union did not. The Court determined at the conference to dismiss the adversary proceeding because of the failure of the attorney for the Credit Union to appear. The Court noted that this was the second time within ten days that the Credit Union had sought relief, the Court had scheduled a hearing, and no one appeared on behalf of the Credit Union. The Court also noted that the failure of the Credit Union to appear at two separate hearings to prosecute its motion for Rule 2004 examination and its complaint in the adversary proceeding incurred unnecessary costs for the Debtor and a waste of judicial resources. Following the hearing on September 21, 2015, the Court entered an order (ECF No. 13) dismissing the adversary proceeding.

On October 1, 2015, the Credit Union filed a motion (ECF No. 14) to reopen the adversary proceeding. The motion is filed under F. R. Civ. P. 60(b)(1), incorporated into this adversary proceeding by F. R. Bankr. P. 9024. Basically, the motion argues that the Law Firm failed to appear at the initial scheduling conference in this case on September 21, 2015 because of excusable neglect. By way of explanation, the motion states that over the last three months, three different attorneys had left the Law Firm; the assistant at the Law Firm responsible for scheduling court dates was absent from the Law Firm's office for the first two weeks of September; and the attorney at the Law Firm who signed the motion has only recently become a member of the Federal Bar for the Eastern District of Michigan. The motion asserts that these facts combine to demonstrate excusable neglect and warrant the Court setting aside the order of dismissal.

The Debtor filed a response (ECF No. 16) to the motion. After the response was filed, the Court issued a notice of hearing on the motion for October 23, 2015 at 9:30 a.m. Now that the Court has had an opportunity to review both the motion and the response, the Court concludes that its decision making process will not be aided by oral argument. The Court is able to decide this motion based solely on the briefs filed by the parties.

"The inquiry into whether the neglect is excusable 'is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" Norpak Corp. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.), 131 F.3d 1185, 1188 (6th Cir. 1997) (quoting Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 395 (1993)).

The factors to be considered include:

(1) Danger of prejudice to the other party;
(2) Length of delay and its potential impact on judicial proceedings;
(3) Reason for the delay;
(4) Whether the delay was within the reasonable control of the late party; and
(5) Whether the late party acted in good faith.

Eagle-Picher, 131 F.3d at 1188 (relying on Pioneer Investment, 507 U.S. at 395).

In this case, the first two factors are not a problem for the Credit Union. There is no danger of prejudice for the Debtor other than the delay in finally knowing whether the Credit Union's debt will be discharged. And the Credit Union did not delay in filing its motion.

But the third and fourth factors are a problem for the Credit Union. These factors assess the moving party's culpability. See Gourlay v. Sallie Mae, Inc. (In re Gourlay), 465 B.R. 124, 129 (B.A.P. 6th Cir. 2012). Culpable conduct will not weigh in favor of the Court exercising its equitable powers to grant relief under Rule 60(b)(1). Here, the Credit Union blames the Law Firm's employee turnover and an assistant's failure to calendar the September 21, 2015 scheduling conference. However, the Court issued its notice of the scheduling conference on August 26, 2015, well before the assistant's absence in September. In addition, the Law Firm was alerted that there was a problem with its calendaring system prior to the conference scheduled for September 21, 2015. The Court had already entered an order on September 11, 2015, denying the Credit Union's motion for a Rule 2004 examination following another hearing that the Credit Union failed to attend. The Law Firm received a notice of electronic filing of that order. This should have prompted the Law Firm to check the file, sometime within the ten days between the entry of that order and the scheduling conference in the adversary proceeding. Further, the Law Firm should have been aware of the scheduling conference in the adversary proceeding because it had participated in the preparation of the Rule 26(f) report, which had just been filed on September 10, 2015.

-4-

The reason for the failure to attend the conference was within the control of the Law Firm. See Gourlay, 465 B.R. at 129-131 (finding culpability in a law firm's choice to reduce staff during a relocation, where the firm had no minimal internal safeguards to make sure the appropriate action was taken, and no evidence of special steps to handle the receipt of important mail). See also Yeschick v. Mineta, 675 F.3d 622, 631 (6th Cir. 2012) (affirming the district court's denial of relief from order, finding no excusable neglect where counsel "failed to monitor the docket in [his client]'s case" and "failed to diligently update his e-mail address" with the court).

It is not enough for the Credit Union to blame its chosen counsel.

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."

Nafziger v. McDermott International, Inc., 467 F.3d 514, 524 (6th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)).

As for the last factor, there is no evidence that the Credit Union has acted in bad faith, beyond its neglect in calendaring hearings in the Debtor's bankruptcy case and this adversary proceeding.

On balance, after considering all the relevant circumstances surrounding the Credit Union's failure to attend the scheduling conference, the Court finds that the Credit Union's culpable conduct outweighs the lack of any prejudice or bad faith. Implementing an effective calendaring system, especially during a time of office personnel turnover, was easily within the Law Firm's control. The Law Firm offers no persuasive reason why it did not put some plan in place. Further, the Law

Firm's failure to attend the two separate hearings compounds this failure. The Court agrees that there was neglect, but the Court does not agree that it was excusable. For these reasons, the Court finds that the Credit Union's motion lacks merit. Accordingly,

**IT IS HEREBY ORDERED** that the Credit Union's motion (ECF No. 14) to reopen this adversary proceeding is denied.

**IT IS FURTHER ORDERED** that the hearing scheduled for October 23, 2015 is cancelled.

.

```
Signed on October 22, 2015
                                    /s/ Phillip J. Shefferly
                              Phillip J. Shefferly
                              United States Bankruptcy Judge
```